IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BETTY'S BEST, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 24-cv-07491 <br><br> Hon. LaShonda A. Hunt |

## **DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff BETTY'S BEST, INC. ("BETTY'S BEST") against the defendants identified on Amended Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Amended Schedule A (collectively, the "Defendant Internet Store"), and BETTY'S BEST having moved for entry of Default and Default Judgment against the defendant identified on Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendant");

This Court having entered a preliminary injunction; BETTY'S BEST having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

The Defaulting Defendant has not answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets their business activities toward consumers in the United States, including Illinois. Specifically, BETTY'S BEST has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and/or funds from U.S. bank accounts, and has sold products using infringing and counterfeit versions of BETTY'S BEST's federally registered trademarks (the "BETTY'S BEST Trademarks"), copyrighted works (the "BETTY'S BEST Copyrights"), and registered design patent (the "BETTY'S BEST Design Patent") to residents of Illinois. In this case, BETTY'S BEST has presented screenshot evidence that Defaulting Defendant's e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the BETTY'S BEST Trademarks, Copyrights and Design Patent. *See* Docket No. 12-2, which includes screenshot evidence confirming that Defaulting Defendant's e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the BETTY'S BEST Trademarks, Copyrights, and Design Patent.

A list of the BETTY'S BEST Trademarks is included in the below chart.

| Registration Number | Registered Trademark | International Classes |
|---|---|---|
| 5,072,866 | STRIPHAIR | 21: Grooming tools, namely, combs and brushes for pets, horses and livestock; Currycombs |
| 5,328,641 | THE GENTLE GROOMER | 21: Grooming tools, namely, combs and brushes for pets, horses and livestock; Currycombs |

A list of the BETTY'S BEST Copyrights is included in the below chart.

| Registration Number | Copyright Title and Description | Effective Date of Registration |
|---|---|---|
| VA 2-299-367 | StripHair Product Pictures 2020 (group of 10 photographs) | May 12, 2022 |
| VA 2-300-902 | StripHair Product Pictures 2019 (group of 7 photographs) | May 19, 2022 |
| VA 2-304-928 | StripHair Product Pictures 2018 (groups of 2 photographs) | June 3, 2022 |
| VA 2-304-931 | StripHair Product Pictures 2021 (group of 8 photographs) | June 3, 2022 |
| PAu 4-142-655 | SH-Video-1 11.01.2019 (entire motion picture) | June 14, 2022 |
| PAu 4-142-666 | SH-Video-2 4.01.2021 (entire motion picture) | June 14, 2022 |
| PAu 4-143-928 | SH-Video-3 7.01.2021 (entire motion picture) | June 30, 2022 |
| PAu 4-143-929 | SH-Video-4 4.01.2018 (entire motion picture) | June 30, 2022 |
| PAu 4-145-045 | SH-Video-5 3.01.2019 (entire motion picture) | July 14, 2022 |
| PAu 4-145-360 | SH-Video-7 6.01.2020 (entire motion picture) | July 19, 2022 |
| PAU 4-145-361 | SH-Video-8 5.01.2021 (entire motion picture) | July 19, 2022 |
| PAu 4-145-379 | SH-Video-6 2.01.2019 (entire motion picture) | July 19, 2022 |

BETTY'S BEST's website content comprising photographs and text, titled "striphair.com website" is duly registered with the Register of Copyrights under the Registration No. VA 2-271-013, effective October 6, 2021.

BETTY'S BEST's grooming tool's design features are protected under a design patent and registered with the United Stated Patent and Trademark Office under U.S. Patent No. D841,900 S titled "HORSE OR PET GROOMING TOOL."

This Court further finds that Defaulting Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510 *et seq.*), willful copyright infringement (17 U.S.C. § 504), and willful design patent infringement (35 U.S.C. § 284).

Accordingly, this Court orders that BETTY'S BEST's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default, and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be permanently enjoined and restrained from:
    a. using the BETTY'S BEST Trademarks, Copyrights, and Design Patent or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BETTY'S BEST product or not authorized by BETTY'S BEST to be sold in connection with the BETTY'S BEST Trademarks, Copyrights, and Design Patent;
    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BETTY'S BEST product or any other product produced by BETTY'S BEST, that is not

      BETTY'S BEST's or not produced under the authorization, control, or supervision of BETTY'S BEST and approved by BETTY'S BEST for sale under the BETTY'S BEST Trademarks, Copyrights, and Design Patent;

  c. committing any acts calculated to cause consumers to believe that Defaulting Defendant' products are those sold under the authorization, control, or supervision of BETTY'S BEST, or are sponsored by, approved by, or otherwise connected with BETTY'S BEST; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for BETTY'S BEST, nor authorized by BETTY'S BEST to be sold or offered for sale, and which bear or use any of BETTY'S BEST's trademarks, copyrighted works, and design patent, including the BETTY'S BEST Trademarks , Copyrights, and Design Patent, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendant and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendant, or in connection with any of the Defaulting Defendant' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, ContextLogic, Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account

5

        that is being used to sell or is the means by which Defaulting Defendant could continue to sell counterfeit and infringing goods using the BETTY'S BEST Trademarks, Copyrights, and Design Patent; and

        b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing or using the BETTY'S BEST Trademarks, Copyrights, and Design Patent or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine BETTY'S BEST product or not authorized by BETTY'S BEST to be sold in connection with the BETTY'S BEST Trademarks, Copyrights, and Design Patent.

3. Upon BETTY'S BEST's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of counterfeit and infringing goods using the BETTY'S BEST Trademarks, Copyrights, and Design Patent.

4. Pursuant to 15 U.S.C. § 1117(c)(2), BETTY'S BEST is awarded statutory damages from each of the Defaulting Defendant in the amount of $5,000 for willful use of counterfeit BETTY'S BEST Trademarks on products sold through at least the Defendant Internet Stores; the amount of $5,000 for willful, unauthorized use of BETTY'S BEST Copyrights on products sold through at least the Defendant Internet Stores; the amount of $750 for willful, unauthorized use of BETTY'S BEST Design Patent on products sold through at least the Defendant Internet Stores. This award shall apply to Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendant, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third-Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to BETTY'S BEST as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to BETTY'S BEST the amounts from Defaulting Defendant' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until BETTY'S BEST has recovered full payment of monies owed to it by any Defaulting Defendant, BETTY'S BEST shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that BETTY'S BEST identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendant, BETTY'S BEST may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at any e-mail addresses provided for Defaulting Defendant by third parties.

9. Theone thousand dollars ($1,000) surety bond posted by BETTY'S BEST is hereby released to BETTY'S BEST or its counsel, SRIPLAW. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to BETTY'S BEST or its counsel.

This is a Default Judgment.

Dated: 11/14/2024              ENTERED:

LASHONDA A. HUNT
United States District Judge

**Amended Schedule A**

| DOE Number | Marketplace | Merchant Name | Merchant ID |
|---|---|---|---|
| 1 | Amazon | Hjlxiaqiu | A36CM3NY60RA77 |